UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK SMITH,

      Petitioner,                        Civil Action Number: 2:11-cv-10031

v.                                       HON. DENISE PAGE HOOD

HUGH WOLFENBARGER,

      Respondent.

_____/

## ORDER GRANTING MOTION REOPENING THE TIME TO FILE AN APPEAL

This 28 U.S.C. § 2254 matter is before the Court because Michigan prisoner Patrick Smith filed a motion to reopen the time to file an appeal on July 25, 2012. Pet'r's Mot. Reopening the Time to File an Appeal, July 25, 2012, ECF No. 15. The motion was signed and dated July 15, 2012.

On May 31, 2012, the Court issued an opinion and order denying Smith's petition for a writ of habeas corpus. *Smith v. Wolfenbarger*, No. 2:11-cv-10031, 2012 WL 19757286 (E.D. Mich. May 31, 2012). A separate judgment was entered in accordance with the federal rules. J., May 31, 2012, ECF No. 14. A copy of the order and judgment was served on Smith by U.S. mail and proof of service was noted by the clerk on the order denying relief. *Id.* In its opinion and order, the Court also declined to issue Smith a certificate of appealability and denied him permission for an application for leave to proceed on appeal *in forma pauperis*. *Smith*, 2012 WL 19757286, at *11. Petitioner did not file a notice of appeal from the Court's opinion and order. For the reasons stated, the Court will grant Smith's motion to reopen the time to file an appeal.

## I.  DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is "mandatory and jurisdictional." *Browder v. Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 561 (1978) (citations omitted).  "The failure of [an] appellant to timely file a notice of appeal deprives an appellate court of jurisdiction." *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).  Because more than thirty days have elapsed from when this Court denied Smith's habeas petition, on May 31, 2012, the Sixth Circuit would not have appellate jurisdiction in this matter, unless he was granted an extension of time.

Smith filed his pending motion under Federal Rule of Appellate Procedure 4(a)(6), which states that a district court may reopen the time to file an appeal for fourteen days if the moving party did not receive notice of the entry of the judgment and "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice" of the judgment, and no party would be prejudiced.  Fed. R. App. P. 4 (a)(6).  Smith asserts he "did not mentally receive[] the documents from this Court, nor did he have any kind of understanding of what to do or how to proceed."  Pet'r's Mot. 2, July 25, 2012, ECF No. 15.

The Court finds that Smith is not entitled to invoke the provisions of Rule 4(a)(6) to reopen the time for filing an appeal because he does not allege that he did not receive actual notice of this Court's opinion and order denying him habeas relief.  Smith's allegation that he did not "mentally receive" the documents does not satisfy the elements of Rule 4(a)(6).

2

However, Federal Rule of Appellate Procedure 4(a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this [Rule] expires" and "that party shows excusable neglect or good cause."  Here, Smith had until June 30, 2012, thirty days from the date of the Court's opinion and order on May 31, 2012, to file a notice of appeal.  He did not. However, under Rule 4(a)(5)(A), he had until July 30, 2012, in which to file for an extension of time to file an appeal.  Smith's motion was signed and dated July 15, 2012.  Because Smith's motion for an extension of time to file an appeal was filed within the prescribed time period, the Court will grant his motion for an extension of time in which to file an appeal.

Moreover, Smith has submitted documentation in support of his motion, a letter from Scott Webster, a psychologist at his facility, indicating that he is in the Resident Treatment Program at the Macomb Correctional Facility.  The letter states that Smith is in treatment for his depressive disorder, and that he has been on suicide observation status on two occasions during the past year.  The Court finds that Smith has established good cause for failing to file a timely notice of appeal.

## II.  CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's "Motion Reopening the Time to File an Appeal" [ECF No.15] is **GRANTED**.


Dated:  September 25, 2012            S/Denise Page Hood_____
                                     Denise Page Hood
                                     United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

                                     S/LaShawn R. Saulsberry_____
                                     Case Manager